This document was signed electronically on April 19, 2019, which may be different from its entry on the record.

IT IS SO ORDERED.

Dated:  April 19, 2019



ALAN M. KOSCHIK
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| In re ) | |
| ) | Case No. 16-50154 |
| TIMOTHY L. CLARK and CYNTHIA A. ) | |
| CLARK, ) | Chapter 7 |
| ) | |
| Debtors. ) | Judge Alan M. Koschik |
| ) | |

## MEMORANDUM DECISION OVERRULING TRUSTEE'S AMENDED OBJECTION TO CLAIM OF EXEMPTION

Before the Court is the Trustee's Amended Objection to the Debtor's Claim of Exemption (Docket No. 46) (the "Objection") filed on February 8, 2017, by Harold A. Corzin, the Chapter 7 Trustee in this case (the "Trustee").  The Objection objects to the exemption claimed by debtors Timothy L. Clark and Cynthia A. Clark (collectively, the "Debtors," respectively, "Debtor-husband" and "Debtor-wife") in their original Schedule C (Docket No. 1 at 18) and amended Schedule C (Docket No. 40) in certain funds attributable to a lump sum

distribution and subsequent transfer from an inherited employer-funded pension plan now held in an inherited IRA.

The facts described below are derived from the matters apparent in the Court's docket, the facts stipulated by the parties, and the facts established pursuant to Rule 56 of the Federal Rules of Civil Procedure, incorporated into bankruptcy practice via Rule 7056 of the Federal Rules of Bankruptcy Procedure. The Court did not hold an evidentiary hearing in this contested matter. The Court concludes that there are no genuine disputes regarding the material facts relevant to an adjudication of the Trustee's Amended Objection to the Debtor's Claim of Exemption.

## JURISDICTION AND VENUE

This Court has jurisdiction to enter a final judgment in this contested matter pursuant to 28 U.S.C. § 1334 and General Order No. 2012-7 entered by the United States District Court for the Norther District of Ohio on April 4, 2012. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (B). Venue in this district is proper pursuant to 28 U.S.C. § 1409.

## FACTUAL BACKGROUND

The material facts in this case are not disputed.

On October 2, 2014, the Debtor-wife's sister ("Sister") passed away. (Docket No. 49 at ¶ 3.) Debtor-wife inherited from her Sister an IRA that her Sister had previously opened and into which the Sister made contributions prior to retirement (the "Inherited IRA"). (Docket No. 49 at ¶ 11.) Debtor-wife was also, separately, named as beneficiary of her Sister's rights to benefits under the Greenleaf Family Center pension plan (the "Plan"). (Docket No. 49 at ¶ 4.) Prior to her death, the Sister retired and elected to receive her pension in regular monthly distributions through a 10-year annuity. (Docket No. 49 at ¶ 5.) Upon the Sister's death, the Debtor-wife, as

beneficiary, was entitled to a death benefit which required that she continue to receive monthly distributions by way of said annuity. (Docket No. 49 at ¶ 6.)

In September 2015, the Debtor-wife was notified that the Plan would be terminated on November 15, 2015. (Docket No. 49 at ¶ 7.) The Plan provided the Debtor-wife with two options for the distribution of the remainder of the benefit: a "Lump Sum Payment" or "Choose to Continue My Current Monthly Benefit." (Docket No. 49 at ¶ 8.) The Debtor-wife chose to receive the lump sum payment (the "Pension Distribution") in the amount of $16,125.67. (Docket No. 49 at ¶ 9.) The Debtor-wife was offered three options for how to receive the lump sum distribution: (1) cash payment with federal income taxes withheld; (2) direct transfer to an eligible IRA or qualified plan; or (3) a combination thereof. (Docket No. 49 at ¶ 10.) The Debtor-wife elected for a direct transfer to her Inherited IRA through a direct trustee-to-trustee transfer. (Docket No. 49 at ¶ 11.) On December 21, 2015, the lump sum distribution in the amount of $16,043.05 was deposited into the Inherited IRA. (Docket No. 49 at ¶ 12.)

On January 28, 2016, the Debtors filed a voluntary Chapter 7 bankruptcy petition. On Schedule C of the petition, the Debtors listed a "Rollover IRA through Raymond James" as an exempt asset with a stated value of $66,448.43. (Docket No. 1 at 18.) The Debtors listed Ohio Rev. Code Ann. Section 2329.66(A)(10)(c) as the basis for the exemption. (Docket No. 1 at 18.) Thereafter, the Trustee filed the first version of the Objection on December 9, 2016. (Docket No. 29.) The Trustee objected to the claimed exemption in the portion of the assets in the Inherited IRA attributable to the Pension Distribution. (*Id.* at 2.)

On December 30, 2016, the Debtors filed a response (Docket No. 35) and an amended response (Docket No. 36). The Trustee filed a reply to the Debtors' amended response on January 5, 2017. (Docket No. 37.) The Debtors filed a further memorandum in support of their

3

claim of exemption on January 17, 2017.  (Docket No. 39.)  The Court held a preliminary hearing and heard oral argument on the Objection on January 18, 2017, and set a schedule for stipulations and further briefing.  That same day, consistent with statements made in open court during the preliminary hearing, the Debtors filed their amended Schedule C (Docket No. 40), now claiming the exemption in the Inherited IRA, including the Pension Distribution contained therein, pursuant to Ohio Rev. Code. § 2329.66(A)(10)(e), rather than Section 2329.66(A)(10)(c).  On February 8, 2017, the Trustee filed his amended, and current, version of the Objection.  (Docket No. 46.)  The parties filed their stipulations of fact on March 7, 2017.  (Docket No. 49.)  The Debtors filed a reply to the Objection on March 31, 2017. (Docket No. 50.)

The Court held a hearing and heard further oral argument on the Objection on April 19, 2017, and thereafter took the matter under advisement.

## LEGAL ANALYSIS

Based on the undisputed factual and procedural history set forth above, the Court concludes that the funds currently in the Inherited IRA attributable to the Pension Distribution are exempt under Ohio Rev. Code Section 2329.66(A)(10)(e).

As an initial note, the Court recognizes that, in light of the Supreme Court's decision in *Clark v. Rameker*, the Pension Distribution does not represent "retirement funds."  573 U.S. 122, 134 S. Ct. 2242, 189 L. Ed. 2d 157 (2014).  The Supreme Court held in *Clark* that funds held in an inherited IRA do not qualify as "retirement funds" under the federal exemption for retirement funds codified at 11 U.S.C. § 522(b)(3)(C).  *Id.* at 2244.  Therefore, the remainder of this Memorandum Decision will focus on the parties' arguments regarding the applicability of Ohio's

4

exemption statutes, which are incorporated and made applicable to these Debtors in this bankruptcy case by 11 U.S.C. § 522(b)(3)(A).

A debtor may remove certain property from the bankruptcy estate that falls under an exemption provided under the Bankruptcy Code. *In re Kuchta*, 434 B.R. 837, 842 (Bankr. N.D. Ohio 2010) (Morganstern-Clarren, J.); *see also* 11 U.S.C. § 522. Section 522(b)(2) of the Bankruptcy Code gives states the option to provide their own exemption rules to bankruptcy filers in districts within that state. 11 U.S.C. § 522(b)(2). Ohio has opted out of the federal exemptions. Ohio Rev. Code Ann. § 2329.662. Therefore, debtors filing for bankruptcy in Ohio must rely on the exemptions listed in Ohio Rev. Code Ann. § 2329.66. *Kuchta*, 434 B.R. at 842; *In re Peacock*, 292 B.R. 593, 595 (Bankr. S.D. Ohio 2002).

All exemption statutes are to be construed liberally in the debtor's favor. *Kuchta*, 434 B.R. at 842 (citing *Peacock*, 292 B.R. at 595). The objecting party bears the burden of proving that an exemption is inappropriate under Ohio state law. *Id.* (citing Fed. R. Bankr. P. 4003(c)); *Hamo v. Wilson (In re Hamo)*, 233 B.R. 718, 723 (B.A.P. 6th Cir. 1999).

Because the Court finds that the Pension Distribution is exempt under Section 2329.66(A)(10)(e), the Court will overrule the Trustee's objection.

I. **The Pension Distribution is Not Exempt Pursuant to Ohio R.C. 2329.66(A)(10)(c) Because Those Funds Are Not Contributions Made By the Debtors to an Eligible IRA and Because the Inherited IRA Does Not Depend on the Debtor's Illness, Disability, Death, Retirement, or Age.**

In their bankruptcy petition, in their original Schedule C, the Debtors relied on Ohio Rev. Code § 2329.66(A)(10)(c) as the basis for the exemption of the entire value of the Inherited IRA. (Docket No. 1 at 18.) Section 2329.66(A) provides that "[e]very person who is domiciled in [Ohio] may hold property exempt from execution, garnishment, attachment, or sale to satisfy a

judgment or order as follows[.]" Section 2329.66(A)(10)(c) provides the following specific exemption, in relevant part:

> "Except for any portion of the assets that were deposited for the purpose of evading the payment of any debt . . . , the person's rights or interests in the assets held in, or to directly or indirectly receive any payment or benefit under, any individual retirement account, individual retirement annuity . . . that provides payments or benefits by reason of illness, disability, death, retirement, or age or provides payments or benefits for purposes of education or qualified disability expenses, to the extent that the assets, payments, or benefits described in division (A)(10)(c) of this section are attributable to or derived from any of the following or from any earnings, dividends, interest, appreciation, or gains on any of the following:. . . (iii) Contributions of the person that are within the applicable limits on rollover contributions under subsection[] . . . 402(c) . . . "Internal Revenue Code of 1986," . . . , as amended[] . . . ."

Ohio Rev. Code § 2329.66(A)(10)(c).

Section 2329.66(A)(10)(c) allows debtors to exempt assets in IRAs that provide payments by reason of illness, disability, death, retirement, or age to the extent those assets represent "contributions" to the account that were made by the debtor and that were within the applicable limits on "rollover contributions" under, among other sections, I.R.C. §§ 402(c) and 408(d).  Ohio Rev. Code § 2329.66(A)(10)(c).

### A. The Trustee-to-Trustee Transfer Was a Rollover Distribution but Not a Rollover Contribution, and Section 2329.66(A)(10)(c)(iii) Exempts Only Amounts Germinating From Eligible Rollover Contributions.

The Debtors, in their initial argument, cite Section 402(c)(11) of the Internal Revenue Code as the basis for the purported "rollover contribution" that would have entitled them to an exemption pursuant to Ohio Rev. Code Section 2329.66(A)(10)(c)(iii).  This argument, however, conflates rollover *distributions* and rollover *contributions*.  Section 402(c)(11) excludes direct trustee-to-trustee transfers from qualified trusts to IRAs from gross income by defining them as "eligible rollover distributions."

The Court does not challenge that the direct trustee-to-trustee transfer of the Pension Distribution satisfied Section 402(c)(11).  The statute, however, only deems the transfer an

6

"eligible rollover *distribution*," not a contribution. I.R.C. § 402(c)(11)(A)(i) (emphasis added); *see also* I.R.C. § 402(c)(4) (defining eligible rollover distribution). The only mechanism in Section 402 of the Internal Revenue Code that allows for a transfer to also be treated as a rollover *contribution* is found in I.R.C. § 402(c)(5), which provides that "a transfer to an eligible retirement plan described in clause (i) or (ii) of paragraph (8)(B) resulting in any portion of a distribution being excluded from gross income under paragraph (1) shall be treated as a rollover contribution described in section 408(d)(3)." *Id.* Clauses (i) and (ii) of paragraph (8)(B) describe individual retirement accounts described in I.R.C. § 408(a), and individual retirement annuities described in I.R.C. § 408(b). I.R.C. § 402(c)(8)(B). They do not include *inherited* individual retirement accounts as described in I.R.C. § 408(b)(3)(C)(ii).

IRAs that are deemed inherited are treated differently under the I.R.C. than traditional IRAs. *See In re Reinhard*, Case No. 08-15357, Docket No. 45 at 5 (Bankr. N.D. Ohio March 31, 2010) (discussing the differences between traditional and inherited IRAs). Specifically, Section 408(d) dictates that inherited IRAs "shall not be treated as . . . individual retirement account[s] [as defined by Section 408(a)] . . . for purposes of determining whether any other amount is a rollover contribution." I.R.C. § 408(d)(3)(C)(i)(II). The IRS' published guidance on the difference further explains:

> INHERITED FROM SOMEONE OTHER THAN SPOUSE. If you inherit a traditional IRA from anyone other than your deceased spouse, you cannot treat the inherited IRA as your own. **This means that you cannot make any contributions to the IRA.** It also means you cannot roll over any amounts into or out of the inherited IRA. However, you can make a trustee-to-trustee transfer as long as the IRA into which amounts are being moved is set up and maintained in the name of the deceased IRA owner for the benefit of you as beneficiary.

IRS Publication 590, *Individual Retirement Arrangements (IRAs)*, 2013 WL 6921554, at *23 (emphasis added). The omission of an inherited individual retirement account or annuity from

7

the list of eligible destinations for a rollover contribution in I.R.C. § 402(c)(5) comports with this.

Thus, for example, in *Kuchta*, the court disallowed an exemption claimed pursuant to Ohio Rev. Code § 2329.66(A)(10)(c) in an inherited IRA, noting that the Ohio exemption statutes only allow debtors to exempt from their bankruptcy estate assets germinating from wages and earnings that they contributed to an IRA. *Id.* at 842; Ohio Rev. Code § 2329.66(A)(10)(c). The debtor in *Kuchta* argued that she qualified for the exemption because she "'directly rolled funds from a qualified IRA into a beneficiary IRA established in accordance with [I.R.C.] rules.'" *Id.* The court found, as this Court does here, that the direct trustee-to-trustee transfer into the inherited IRA did not constitute a rollover contribution, as that phrase is defined by the I.R.C. and applied by Section 2329.66(A)(10)(c)(iii). *Id.* at 842–43. Thus, the court found that the debtor had not contributed funds to the IRA within the meaning of Section 2329.66(A)(10)(c).

Neither the Internal Revenue Code nor *Kuchta* provide that a direct trustee-to-trustee transfer *per se* may never be a rollover contribution. However, rollover contribution treatment is precluded when the transfer is made to an inherited IRA, rather than a traditional individual retirement account or individual retirement annuity as required by I.R.C. § 402(c)(5). Therefore, the transfer of the Pension Distribution cannot be considered a rollover contribution because it was transferred to an inherited IRA rather than a destination account that is eligible to treat a distribution as a rollover contribution, *i.e.,* a non-inherited individual retirement account or annuity. *See* I.R.C. §§ 402(c)(5), (c)(8)(i)-(ii), 408(d)(3)(C)(i)(II). Because the portion of Ohio Rev. Code § 2329.66(A)(10)(c) dealing with rollovers exempts only "contributions of the person that are within the limits placed on rollover contributions under," *inter alia*, I.R.C. § 402(c), and

because the transfer of the Pension Distribution was not a rollover contribution thereunder, the Pension Distribution is not exempt under Ohio Rev. Code Section 2329.66(A)(10)(c).

### B. The Claimed Exemption Pursuant to § 2329.66(A)(10)(c) is Separately Improper Because an Inherited IRA Does Not Provide Payments or Benefits Based on the Debtor's Illness, Disability, Death, Retirement, or Age.

Furthermore, Section 2329.66(A)(10)(c) exempts IRAs only when assets in, or payments or benefits under, such an account are payable by reason of illness, disability, death, retirement, or age. *Id.* Assets in an inherited IRA are, by definition, not payable by reason of illness, disability, death, retirement, or age. *See Kuchta*, 434 B.R. at 842 (citing *In re Reinhard*, No. 08-15357, Docket No. 45 (Bankr. N.D. Ohio March 31, 2010)). Assets in an inherited IRA may have become payable to or for the benefit of the debtor based on the death of another, but the Court reads that section as applying to unmatured death benefits in funds or annuities to which the debtor personally has contributed, rather than those flowing from a separate decedent. A beneficiary of an inherited IRA can take distributions without tax penalty immediately regardless of their age or health, and in many cases must fully distribute the account within five years. Section 2329.66(A)(10)(c) makes no reference to a decedent; Section 2329.66(A)(10)(e) does. Section 2329.66(A)(10)(e) makes no reference to contributions; Section 2329.66(A)(10)(c)(i)-(iv) all reference contributions, and Section 2329.66(A)(c)(10)(i)-(iii) are specifically restricted to contributions of "the" person.[1] From this structure, the Court concludes that retirement benefits owed or transferred to a debtor due to the death of decedent are properly analyzed exclusively within the rubric of Section 2329.66(A)(10)(e).

---

[1] Section 2329.66(A)(10)(c)(iv) allows debtors to exempt contributions of "any" person into a 529 or 529A account, reflecting the fact that any person, not merely the account owner, may contribute to a qualified tuition plan for the benefit of a beneficiary child's future education. However, the fact that the Ohio legislature wrote "the" person in clauses (i)-(iii) and "any" person in clause (iv) reinforces the Court's conclusion that contributions pursuant to Section 2329.66(A)(10)(c)(i)-(iii) must be actual contributions of the person claiming the exemption.

9

The Court further recognizes that the portion of the *Kuchta* opinion relating to whether the debtor could exempt her inherited IRA under the federal "retirement funds" exemption that applies even in opt-out states, 11 U.S.C. § 522(b)(3)(C), has been abrogated by the Supreme Court's opinion in *Clark v. Rameker*, 573 U.S. 122 134 S. Ct. 2242, 189 L. Ed. 2d 157 (2014). As already noted above, however, no party is making a federal exemption argument in this case and the Ohio exemption statute operates independently of the federal one.

**II.    The Pension Distribution is Exempt Pursuant to Ohio Rev. Code § 2329.66(A)(10)(e) Because They Are Assets Held in an IRA That a Decedent Left to the Debtor-wife.**

In their amended Schedule C, filed on January 18, 2017, following the first oral argument on the Trustee's original Objection, the Debtors claimed an exemption under Ohio Rev. Code § 2329.66(A)(10)(e) in lieu of their previous exemption claimed under Section 2329.66(A)(10)(c). This statute exempts a debtor's "rights to or interests in any assets held in . . . any individual retirement account . . . that a decedent . . . directly or indirectly left to or for the benefit of the [debtor] . . . ." Ohio Rev. Code Ann. § 2329.66(A)(10)(e).

The Trustee argues that Section 2329.66(A)(10)(e) was intended as an inherited IRA exemption and, while the funds in the Inherited IRA that were already in the account at the time of its transfer to the Debtor-wife upon her sister's death (and presumably their earnings) are exempt under it, the amount of the Pension Distribution is not. The Debtors counter that the statute was intended to encompass a large number of retirement devices inherited by beneficiaries upon a decedent's death via a variety of methods or procedures. For the following reasons, the Court concludes that the Debtors' argument is consistent with the plain text of the statute and is correct.

In most cases, the plain text of the statute is conclusive, unless the literal application of it would produce a result demonstrably at odds with the intentions of its drafters. *United States v.*

*Ron Pair Enterprises, Inc.*, 489 U.S. 235, 243, 109 S. Ct. 1026, 103 L. Ed. 2d 290 (1989) (citing *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 571, 102 S. Ct. 3245, 73 L. Ed. 2d 973 (1982)). Section 2329.66(A)(10)(e) exempts "rights to or interests in *any assets held in . . . any individual retirement account . . .* that a decedent . . . *left to* or for the benefit of *the person* [claiming the exemption] . . . ." Ohio Rev. Code Ann. § 2326.66(A)(10)(e) (emphasis added). The Court finds this language to be expansive, encompassing any asset that is, as of the petition date, properly held in one of the kinds of accounts enumerated in that statute, including inherited IRAs.

The Trustee argued that the Pension Distribution was not itself an inherited IRA and therefore could not be exempt under Section 2329.66(A)(10)(e). However, the text of the statute permits an exemption in "*any* assets held in" the enumerated forms of accounts—presumably, of course, as long as it was eligible to be placed in such an account pursuant to applicable tax law and not simply placed there by inadvertence or artifice. Therefore, the relevant question is not whether the Pension Distribution itself is an inherited IRA. Rather, the relevant questions are whether it was properly transferred into such an inherited IRA and whether it remained there as of the petition date. The Court finds the answer to both of these questions is yes. The Inherited IRA is an account of the kind enumerated in the list of eligible forms of accounts in Section 2329.66(A)(10)(e). As discussed above, the Pension Distribution was appropriately transferred, via a tax-exempt rollover distribution under I.R.C. § 402(c)(11), into the Inherited IRA, and remained there as of the petition date.

Therefore, the Court finds and concludes that as of the petition date, the Pension Distribution was an "asset held in … [an] individual retirement account … that a decedent …

directly or indirectly left to or for the benefit of [the debtor]," and on that basis is properly claimed as exempt pursuant to Section 2329.66(A)(10)(e).

## CONCLUSION

The Debtors' original Schedule C improperly claimed an exemption in the Inherited IRA, including the portion thereof attributable to the Pension Distribution, pursuant to Section 2329.66(A)(10)(c) of the Ohio Revised Code, because the assets therein did not germinate from contributions of the Debtor-wife and their availability was unaffected by her illness, disability, death, retirement, or age. However, pursuant to Section 2329.66(A)(10)(e), the Debtors properly claimed an exemption on their amended Schedule C in all assets contained in the Inherited IRA that the Debtor-wife's Sister left for her, including the Pension Distribution, because the Pension Distribution was properly transferred into the Inherited IRA by an eligible trustee-to-trustee transfer pursuant to applicable Internal Revenue Code provisions, and remained there as of the petition date.

In light of the foregoing, the Trustee's Amended Objection to Debtor's Claim of Exemption will be overruled. The Court will enter a separate order overruling the Trustee's Objection, consistent and contemporaneous with this Memorandum Decision. Judgment on the Trustee's Amended Objection to the Debtor's Claim for Exemption will not be deemed entered until the separate form of judgment has been entered by the Clerk.

# # #

12

16-50154-amk    Doc 66    FILED 04/19/19    ENTERED 04/19/19 15:15:42    Page 12 of 12